IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-02008-AP

Melinda M. Melendez,

    Plaintiff,

v.

Carolyn W. Colvin,
Acting Commissioner of Social Security,
    Defendant.

**JOINT CASE MANAGEMENT PLAN FOR SOCIAL SECURITY CASES**

1. **APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

                <u>For Plaintiff</u>:

                Gordon W. Williams
                Attorney
                143 Union Blvd., Suite 270
                Lakewood, CO 80228
                (303) 988-2841
                (303) 988-0445 (facsimile)
                gwilliams@jeffcolaw.net

                <u>For Defendant</u>:

                John F. Walsh
                United States Attorney

                J. Benedict Garcia
                Assistant United States Attorney
                United States Attorney's Office
                District of Colorado
                J.B.Garcia@usdoj.gov

                Alexess D. Rea
                Special Assistant United States Attorney
                  1961 Stout, Suite 4169
                Denver, Colorado 80294-4003
                303-844-7101
                303-844-0770 (facsimile)
                Alexess.rea@ssa.gov

2. **STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

The Court has jurisdiction based on section 205(g) of the Social Security Act, 42 U.S.C. 405(g).

3. **DATES OF FILING OF RELEVANT PLEADINGS**

    **A.**    **Date Complaint Was Filed:** July 29, 2013
    **B.**    **Date Complaint  Was Served on U.S. Attorney's Office:** August 6, 2013
    **C.**    **Date Answer and Administrative Record Were Filed:** September 30, 2013

**4.  STATEMENT REGARDING THE ADEQUACY OF THE RECORD**

**Plaintiff does not believe the record is complete. An audio recording of the hearing is made and retained by Social Security. The audio is accessible to all parties in Social Security's electronic record. Plaintiff will contend as part of the argument in this appeal that listening to the audio confirms that the Plaintiff was having severe emotional difficulties (what Plaintiff contends is a panic attack) during the hearing. This cannot be ascertained by listening to the recording. It is similar to a picture or physical piece of evidence introduced in a trial or administrative hearing. It is part of the evidence that was considered. It is technologically possible and simple to include the audio recording of the hearing as part of the record. Plaintiff requests the government be ordered to supplement the record with an audio copy of the actual hearing testimony.**

**Defendant's position is that that the record is complete and accurate, and that supplementing the record with the audio recording would improperly overstep the Court's role as an appellate tribunal, which is limited to reviewing the factual findings of the agency on a cold record with deference under the substantial evidence standard of review.**

**Plaintiff may address this issue by filing a motion to supplement the record within the time period for completion of the opening brief. Defendant will have 21 days to respond to the motion and Plaintiff an additional 14 days to file a reply brief if Plaintiff so chooses or in the alternative the issue can be raised as part of the briefing on this case without the necessity of filing a separate motion.**

**5.  STATEMENT REGARDING ADDITIONAL EVIDENCE**

The parties do not anticipate any additional evidence.

**6.  STATEMENT REGARDING WHETHER THIS CASE RAISES UNUSUAL CLAIMS OR DEFENSES**

The parties state that this case does not seem to raise unusual claims or defenses.

**7.  OTHER MATTERS**

The parties are not aware of any other matters.

**8.  BRIEFING SCHEDULE**

    **A.**    **Plaintiff's Opening Brief Due:** December 16, 2013
    **B.**    **Defendant's Response Brief Due**: January 15, 2014
    **C.**    **Plaintiff's Reply Brief (If Any) Due:** January 30, 2014

## 9. STATEMENTS REGARDING ORAL ARGUMENT

    **A.**     **Plaintiff's Statement:** Plaintiff does not request oral argument.

    **B.**     **Defendant's Statement:** Defendant does not request oral argument.

## 10. CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE

*Indicate below the parties' consent choice.*

    **A.**     **( )  All parties have consented to the exercise of jurisdiction of a United States Magistrate Judge.**

    **B.**     **( X )  All parties have not consented to the exercise of jurisdiction of a United States Magistrate Judge.**

## 11. AMENDMENTS TO JOINT CASE MANAGEMENT PLAN

THE PARTIES FILING MOTIONS FOR EXTENSION OF TIME OR CONTINUANCES MUST COMPLY WITH D.C.COLO.LCivR 7.1(C) BY SUBMITTING PROOF THAT A COPY OF THE MOTION HAS BEEN SERVED UPON THE MOVING ATTORNEY'S CLIENT, ALL ATTORNEYS OF RECORD, AND ALL PRO SE PARTIES.

*The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.*

    DATED this 14th day of November 2013.

    BY THE COURT:

    *s/John L. Kane*
    U.S. DISTRICT COURT JUDGE

APPROVED:

        John F. Walsh
        United States Attorney

s/ Gordon W. Williams
Gordon W. Williams
Attorney
143 Union Blvd., Suite 270
Lakewood, CO 80228
(303) 988-2841
(303) 988-0445 (facsimile)
gwilliams@jeffcolaw.com

**By:** s/ *Alexess D. Rea*
Alexess D. Rea
Special Assistant U.S. Attorney
1961 Stout St., Suite 4169
Denver, CO 80294-4003
(303) 844-7101
(303) 844-0770 (facsimile)
alexess.rea@ssa.gov

Attorney for Plaintiff        Attorneys for Defendant